UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNNIE LEE DIRDEN,

    Petitioner,

v.                                        Case No. 3:20cv5933-MCR-HTC

ESCAMBIA COUNTY JAIL,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Petitioner, Johnnie Lee Dirden, proceeding *pro se*, initiated this action by filing a handwritten petition for habeas relief, which was not on this Court's form. ECF Doc. 1. Although Petitioner titled the petition as one falling under 28 U.S.C. § 2254, as set forth below, upon review the Court determined the petition should be filed under 28 U.S.C. § 2241. ECF Doc. 4. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). For the reasons set forth below, the undersigned recommends the Petition be dismissed due to Dirden's failure to prosecute and failure to comply with orders of the court.

This case was initiated when Dirden filed a document entitled "2254 Federal Johnnie L. Dirden Writ of Habeas Corpus" challenging his bond revocation, arrest

in a pending criminal case in Escambia County, and subsequent detention at the Escambia County Jail. ECF Doc. 1 (with attached "Notice of Intent to Sue"). Upon screening, the Court found that the petition was not on the proper form, should have been filed under 28 U.S.C. § 2241, and, even under that provision, was substantively deficient and, therefore, subject to dismissal.

As explained in the Court's November 30, 2020 order, ECF Doc. 4, the petition was unlikely to succeed on the merits because Dirden did not first exhaust state court remedies before bringing a federal petition, Dirden cannot seek monetary damages under § 2241 or § 2254, Dirden seeks relief from individuals who were not parties to the case, and the Defendants he named are likely entitled to immunity from suit. Thus, on November 30, 2020, the Court ordered Petitioner to file an amended petition by December 30, 2020. ECF Doc. 4.[1]

The November 30, 2020 order, however, was returned as undeliverable because Petitioner was released on December 2, 2020. ECF Doc. 6. Despite it being Petitioner's obligation to advise the Court of any changes to his address, the clerk resent the November 30, 2020 order to Dirden at the address given on the Escambia County Jail website. *Id.* The clerk also reset the deadline for Dirden to respond to the Court's November 30 order to January 29, 2021.

---

[1] The Court also ordered Petitioner to file a motion to proceed *in forma pauperis* or pay the $5.00 filing fee. ECF Doc. 4. Subsequently, Petitioner paid the filing fee. ECF Doc. 5.

Case No. 3:20cv5933-MCR-HTC

As of February 8, 2021, Dirden had not responded to the Court's November 30 order, had not updated his address with the Court, and it appeared that this action – challenging his detention without bond in the Escambia County Jail – had become moot because he has been released from its custody.

Accordingly, on February 8, 2021, the Court ordered Petitioner, within fourteen (14) days, to show cause why this case should not be recommended for dismissal as moot and for Petitioner's failure to prosecute or comply with an order of the Court. ECF Doc. 7. Petitioner was warned that failure to timely comply with that order could result in a recommendation that this case be dismissed as moot, for failure to prosecute, and failure to comply with an order of the Court. That order was not returned undeliverable. However, more than fourteen (14) days have passed, and Dirden has not responded to the Court's show cause order.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute or failure to comply with a Court order.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 4th day of March, 2021.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.